Keating, J.
(dissenting). In our opinion questions of fact are presented which preclude summary disposition. The first paragraph of the lease describes the leased premises. Paragraph 34, a separate, self-contained provision states: ‘ ‘ The tenant’s store shall be the last store on the easterly end of the shopping center.” The majority finds that this paragraph is merely descriptive of the leased premises rather than a prohibition against the lessor’s extension of his building east of the demised property during the term of defendant’s lease. The language of paragraph 34 is somewhat ambiguous. In addition, it is not contained in the initial, descriptive portion of the lease. If this had been inserted merely to further describe the premises, one would naturally look for it in the descriptive paragraph.
Moreover, the lessee, Pergament, asserts that the dimensions of the leased property are unique in this shopping center; no other premises are of the same dimensions. Thus, the description of the property clearly pinpoints which store is the subject of the lease. Paragraph 34 then constitutes mere surplusage, if- it is interpreted as simply an additional, unnecessary, description.
The lessor asserts that several parcels could have fitted the description. The plan itself does not clarify this. Testimony should be taken with respect to these contentions.
We are not unmindful that paragraph 2 of the lease provides that ‘ ‘ there shall be no allowance to Tenant for a diminution of rental value * * * by reason of * * * injury to business arising from Landlord, Tenant or others making any * * * additions or improvements * * * to any portion of the building or demised premises ”. This is a standard clause which cannot obviate a specific restriction on the landlord’s use of the property if paragraph 34 is such a restriction.
Pergament annexed to its moving papers an affidavit of Murray Pergament which states that he bargained for paragraph 34 as a restriction on the landlord’s right to build east of the Pergament store. In addition, he has annexed to his papers an affidavit of a former officer of the predecessor landlord, Great Lincoln Shopping Center, who swears that he is familiar with the circumstances surrounding the negotiation and execution *926 of the lease. He states that “ the tenant, Pergament Oceanside Corp., insisted on their store being the end store of the shopping center so that they would have the advantage of visibility and exposure from Long Beach Bead, the street lying to the east.”
This type of testimony, bearing on the intent of the parties, should be heard, since the paragraph in question is susceptible of two interpretations. Summary judgment is clearly improper where, as in this case, issues of fact have undoubtedly been raised (CPLB 3212).
We, therefore, vote to reverse the order granting summary judgment to the plaintiff, to affirm the denial of summary judgment to the defendant and to remand for a trial on the factual issues.
Order affirmed, etc.